LABORDE, Judge.
The sole issue presented in this case is whether the trial court correctly sustained Aetna Life Insurance Company’s exception of “Improper party plaintiffs and/or No Right or Cause of Action.” We affirm and remand.
' Decedent, Francis Dennis Hebert, was a long time employee of Hughes Production Tools Division of Hughes Tool Company (erroneously referred to by plaintiffs as Hughes Tool Company d/b/a Brown Oil Tool, Inc.). Decedent’s children, Rodrick Neil Hebert, Mark Brady Hebert, Patrice L. Hebert Williams, Joel Brett Hebert, Noel Dennis Hebert, and Kenric Douglas Hebert, filed suit on an insurance contract issued by Aetna Life Insurance Company through Hughes to decedent. Plaintiffs assert that there were two policies viable through the single contract at the time of decedent’s death: (1) a life insurance policy; and (2) an accidental death and dismemberment policy. Plaintiffs demanded $180,- *688 000.00 as the amount due under the policies.
Aetna filed an exception of improper party plaintiffs; no cause of action; no right of action; and improper venue. The trial court’s judgment was silent as to the venue issue; it is therefore deemed overruled. The exception was otherwise sustained against all plaintiffs except for Patrice L. Hebert Williams and Kenric Douglas Hebert. The other plaintiffs were dismissed from the suit. From this action, plaintiffs appeal.
The Aetna policy was introduced in evidence without opposition. It clearly and unambiguously provides that the insured employee may designate beneficiaries. The amount payable shall be remitted to the beneficiary, or shared equally among the designated beneficiaries. If no designated beneficiary survives the insured, or if no beneficiary has been designated, payment shall be made to the insured’s surviving spouse; if not in existence, in equal shares to the insured’s surviving children.
A true copy of Dennis Hebert’s coverage selection and benefit designation form was also introduced in evidence without objection. This form is broken down into six sections; the two pertinent sections to this proceeding are sections 1 “Life Insurance Benefits,” and 3 “Business Travel Accident Insurance Benefits.” Listed as designated beneficiaries under each section are Patrice Lynette Hebert and Kenric Douglas Hebert. This form does not provide for beneficiary designation under the accidental death and dismemberment policy; however, Aetna and Hughes introduced affidavits executed by duly authorized representatives of the corporations, wherein the affi-ants declared that the two individuals designated as beneficiaries under “Business Travel Accident Insurance Benefits” are the beneficiaries to whom any benefits due under the accidental death and dismemberment policy must be paid. Considering the petition, the policy, the coverage and beneficiary form, and the two affidavits, the trial court sustained Aetna’s exceptions and dismissed the suit as to all plaintiffs except Patrice and Kenric.
Clearly, Patrice and Kenric have demonstrated a cause of action and a right of action to bring suit against defendants. The trial court recognized this and defendants do not appeal this ruling. We also agree that the exception of no cause of action was properly granted; nonetheless, when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La.C.C.P. art. 934.
Plaintiffs, in their petition, allege that they are due the proceeds by virtue of their status as children of decedent; although, they do not allege that they are the only surviving children. The children, under the terms of the policy, are in the third class of potential beneficiaries. Before plaintiffs may claim the proceeds as children, they must first allege that they are the sole surviving children; that there are no designated beneficiaries; and that there is no surviving spouse. As the benefits form does not specifically provide for designated beneficiaries under the policy’s accidental death and dismemberment coverage, appellants, together with Patrice and Kenric, may well state a cause of action after their petition is amended.[1]
For the above and foregoing reasons, we sustain Aetna’s exception of no cause of action and we remand this matter to the trial court to order an amended petition within a specified (reasonable) time. Failure to adhere to the order to amend will result in dismissal of the suit in accord with La.C.C.P. art. 934.
*689 We defer taxing costs of this appeal subject to the outcome of this suit.
AFFIRMED AND REMANDED.

. It may be, as defendants’ affidavits state, that the beneficiaries designated under section 3 "Business Travel Accident Insurance Benefits” are the individuals to whom benefits due under the "Accidental Death and Dismemberment Coverage” must be paid, but this assertion is more properly directed to the merits of the case. The ambiguity between the insurance contract and the beneficiary form prevents us from reaching a conclusion on the exception of no right of action. Defendants are welcome to reurge the exception after plaintiffs have amended their petition.